The complainant, Peerless Laundry Company, Incorporated, was incorporated in 1920, and has since built up an extensive trade in Newark and vicinity. Its business address is 442 Elizabeth avenue, Newark. In 1924, Isaac A. Pack, president of the defendant company, purchased the business of the Peerless Laundry Company of Belmar, a trade name used by the previous owner since 1910. In 1929, he bought the Service Laundry Company, Asbury Park, also a trade name, and thereafter conducted the two as one under the name of Peerless Service Laundry Company. In 1931, he incorporated the business, adopting the name Peerless Service Laundry, Incorporated. Up to that time the business had been confined to the shore towns of Monmouth county. In September the Peerless Service Laundry, Incorporated, opened *Page 222 
a branch at 71 Elizabeth avenue, Newark, and is bidding for the laundry trade in Newark, in competition with the complainant. It has established routes in the city, traveled by trucks, and the canvass for business is sharp; trade is also carried on by telephone.
The defendant has the right to use its corporate title; it represents a well-established business which it purchased, and no legal objection could be found to the use of the name so long as it confined its activities to the shore towns. National GroceryCo. v. National Stores Corp., 95 N.J. Eq. 588. The laundry business is no longer local to the plant; the automobile has changed that. But when the defendant entered the Newark field in competition with the complainant, which, undoubtedly, it had the right to do, it was in duty bound to see to it that its name, so similar to that of the complainant, would not lead to confusion in the purchasing public mind that the business of the defendant was that of the complainant, thereby diverting the complainant's trade — the trade which would ordinarily stay with it or come to it by reason of its reputation or that which it solicited and acquired in fair competition. It was the defendant's duty to make the distinction clear. The additional word "Service" in its title does not distinguish; all laundry companies are "Service" companies. Confusion has already been experienced and it is obvious that more will come, endlessly.
The defendant is not to be denied the use of its name, honestly acquired and not dishonestly used, but it must identify itself as being the Belmar concern by the prefix "Belmar, N.J." to its name as conspicuously as its title in whatever manner or form it may be displayed in the territory in which the complainant is now or hereafter may be operating.
 Submit decree. *Page 223